**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD COLLINS, JR., <br><br> Plaintiff, <br> v. <br><br> TRUMP ENTERTAINMENT RESORTS, INC. t/a and/or d/b/a TRUMP TAJ MAHAL and JOHN DOES 1-5 AND 6-10, <br><br> Defendants. | Civil Action No. |

**NOTICE OF REMOVAL ON BEHALF OF DEFENDANT TRUMP TAJ MAHAL ASSOCIATES, LLC improperly pled as TRUMP ENTERTAINMENT RESORTS, INC. t/a and/or d/b/a TRUMP TAJ MAHAL**

Defendant Trump Taj Mahal Associates, LLC (hereinafter "Trump"), by and through its undersigned attorneys, hereby give Notice of Removal to this Court of a State Civil Action pending in the Superior Court of New Jersey, Law Division, Atlantic County, pursuant to 28 U.S.C. §1441(a) and §1446. In support thereof, Trump says the following:

1. On August 29, 2012, an action was commenced in New Jersey Superior Court, Law Division, Atlantic County, New Jersey, under docket number ATL-L-5957-12, entitled <u>Edward Collins, Jr., Plaintiff, vs. Trump Entertainment Reports, Inc., t/a and/or d/b/a Trump Taj Mahal and John Does 1-5 and 6-10, Defendants</u>.

2. The State Court wherein this action was originally filed is located in Atlantic County, New Jersey, which is located within this jurisdictional district.

3. Defendant received a copy of the Complaint on or about September 5, 2012, although it has not yet been served with the Complaint or Summons. This Notice is timely filed pursuant to 28 U.S.C. §1446(b).

4. A copy of the Complaint received by Defendant in the State Court Action is attached hereto as Exhibit "A".

5. Although not specifically set forth in a distinct section or paragraph of the Complaint, the Complaint's caption indicates Plaintiff demanded a jury trial in his State Court action. Exhibit A at p. 1, Complaint and Jury Demand.

6. Plaintiff alleges in his State Court Complaint that Trump violated his rights under the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., by retaliating against him for exercising his right to FMLA leave. Exhibit A at Count IV, ¶36.

7. This Court has original jurisdiction over this matter under 28 U.S.C. §1331.

8. This matter is one which may be removed to this Court by Trump pursuant to the provisions of 28 U.S.C. §1441(a), in that plaintiff's complaint alleges violations of plaintiff's rights under the Federal Family and Medical Leave Act.

9. Based on the foregoing, the requirements of 28 U.S.C. §1331 and §1441(a) have been satisfied, and this matter is properly removable.

WHEREFORE, Defendant respectfully submits this Notice of Removal and requests that this action be removed from the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

LEVINE, STALLER, SKLAR, CHAN,
BROWN & DONNELLY, P.A.

*s/John M. Donnelly*

Date: September 10, 2012        By: _____
John M. Donnelly, Esquire
Attorneys for Defendants

# EXHIBIT A

**COSTELLO & MAINS, P.C.**
By: Kevin M. Costello, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

RECEIVED and
FILED

AUG 29 2012

A_____ ____NTY
L___ ___ ___

| | | |
|---|---|---|
| EDWARD COLLINS, JR., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | ATLANTIC COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | |
| | : | DOCKET NO. _25957-12_ |
| TRUMP ENTERTAINMENT RESORTS, | : | |
| INC. t/a and/or d/b/a TRUMP TAJ MAHAL | : | |
| and JOHN DOES 1-5 AND 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |

Plaintiff Edward Collins, Jr., residing in Hammonton, New Jersey, by way of complaint against the defendants, says:

### Preliminary Statement

This matter is brought pursuant to the New Jersey Law Against Discrimination's ("LAD") prohibition against disability discrimination and/or prohibition against perception of disability discrimination. This matter is also brought pursuant to the LAD's prohibition on retaliation.

Plaintiff also brings claim under the Court's ancillary jurisdiction for the Family Medical Leave Act ("FMLA") retaliation.

### Identification of Parties

1. Plaintiff Edward Collins, Jr. is, at all relevant times herein, a resident of the State of New Jersey and was employed by Trump Entertainment Resorts, Inc. at the Trump Taj Mahal.

2.Trump Entertainment Resorts, Inc. is, at all relevant times herein a resident of the State of New Jersey operating a business known as the Trump Taj Mahal with a principal business address of 1000 Virginia Avenue, Atlantic City, New Jersey, and is, at all relevant times herein, plaintiff's employer.

3.Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

4.Plaintiff was employed by Trump Entertainment Resorts, Inc. at the Trump Taj Mahal from on or about March 28, 2001 until his unlawful termination on or about March 9, 2012.

5.Defendants' business location has in excess of 50 employees at all relevant times herein.

6.Plaintiff suffers from a degenerative joint condition in both knees and is disabled within the meaning of the LAD.

7.In the alternative he was perceived as disabled by the defendants.

8.In or about September 2011, plaintiff submitted a request for intermittent leave under the FMLA.

9.Plaintiff's request was approved on September 7, 2011.

10.This provision of intermittent leave also constituted a reasonable accommodation under the LAD.

11.Once plaintiff began using his intermittent leave, he began to be regularly questioned by supervisors regarding the status of his health.

12. In or about February 2012, plaintiff inquired when his FMLA approved leave would expire, as he had been previously told that the approval would only last for six months.

13. Defendants' human resources representative responded with surprise and asked plaintiff, "You're going to apply again?"

14. Plaintiff did in fact apply again and was approved for further intermittent leave.

15. On or about May 2 and May 3, 2012, plaintiff exercised his right to intermittent leave.

16. By doing so, plaintiff was utilizing a reasonable accommodation.

17. Upon his return on May 4, 2012, plaintiff was suspended under the false pretext that he had abused his intermittent leave.

18. Plaintiff was accused of having engaged in physical activity, which he had not, during his leave.

19. Plaintiff remained suspended until May 9, 2012, at which time he was told that he was terminated.

20. At no point between May 4, 2012 and May 9, 2012 during which defendants were allegedly conducting their investigation was plaintiff ever contacted.

21. A determinative and/or motivating factor in plaintiff's discharge was the fact that he was disabled and/or perceived as disabled by defendants.

22. In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's discharge was the fact that he had exercised his right to a reasonable accommodation.

23. In addition and/or in the further alternative, a determinative and/or motivating factor in plaintiff's discharge was the fact that he had exercised his right to leave under the FMLA.

24. Any other offered reason for plaintiff's termination is false and pretextual.

25. Plaintiff performed up to and beyond the legitimate expectations of his employer.

26. As a result, plaintiff has been forced to suffer economic loss.

27. In addition to his economic loss, plaintiff has been forced to suffer emotional pain and suffering as a result of the defendants' actions.

28. Because the action directed at plaintiff was undertaken by a member of upper management and/or because upper management was willfully indifferent to the same and because of the fact that it was intentionally egregious, punitive damages are warranted.

## COUNT I

### Disability Discrimination Under the LAD

29. Plaintiff hereby repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. For the reasons set forth above, defendants are liable to plaintiff for disability discrimination.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

31. Plaintiff hereby repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. For the reasons set forth above, defendants are liable to plaintiff for perception of disability discrimination.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

33. Plaintiff hereby repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff's discharge was determined in part and/or motivated in part by plaintiff's protected conduct under the LAD, to wit, having requested and exercised his right to a reasonable accommodation.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### FMLA Retaliation

35. Plaintiff hereby repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendants have violated plaintiff's rights by retaliating against him for having exercised his right to FMLA leave.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

37. Plaintiff hereby repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff requests the following equitable remedies and relief in this matter.

39. Plaintiff requests a declaration by this Court that the practices contested herein violate the New Jersey Law Against Discrimination.

40. Plaintiff requests that this Court order the defendant to cease and desist all conduct inconsistent with the LAD going forward, both as to this specific plaintiff and as to all other individuals similarly situated.

41. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

42. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

43. Plaintiff requests that the Court equitably order the defendant to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

6

44. Plaintiff requests that the Court order the defendants to alter its files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

45. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, P.C.

Dated: 8/27/12

By: _____
Kevin M. Costello

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, P.C.

By: _____
Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, P.C.

By: _____
Kevin M. Costello

8

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, P.C.

By: _____
Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

COSTELLO & MAINS, P.C.

By: _____
Kevin M. Costello

9